UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES LAM, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:19-CV-111 JAR |
| | ) |
| RALPH E. FINN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the multiple recent filings of *pro se* plaintiff James Lam III, a pretrial detainee at Cape Girardeau County Jail. On July 11, 2019, plaintiff filed a civil complaint under 42 U.S.C. § 1983 against thirty-two (32) defendants[1] in both their individual and official capacities. At the time of the complaint filing, plaintiff also filed motions for leave to proceed *in forma pauperis*, appointment of counsel, temporary restraining order, and preliminary injunction. Having reviewed plaintiff's motion to proceed *in forma pauperis* and the information submitted in support, the Court will grant the motion and will not assess an initial partial filing fee at this time. Furthermore, for the reasons discussed below, plaintiff's other motions will be denied and the Court will require plaintiff to file an amended complaint on a court-provided form, in accordance with the Court's instructions.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

---

[1] Defendant "City of Sullivan (Sullivan Police Department)" has been inadvertently left off the docket sheet list of defendants in this matter. The Clerk of Court will be directed to add this defendant to the docket sheet. *See* ECF No. 1 at 2 & 7.

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he is not employed, has no income, but that until recently, he received money from his mother. ECF No. 2. However, plaintiff filed a non-certified account statement and stated that he has a negative account balance. ECF No. 3. Based on this financial information, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging various forms of misconduct against thirty-two (32) defendants which occurred from January 2016 through the date of the complaint. Plaintiff divides the allegations of his complaint into eight (8) legal claims. Condensed and summarized, Claims 1 and 2 relate to an unknown person impersonating plaintiff in order to open a bank account in plaintiff's name, fraudulently cashing a check in plaintiff's name, and then using the proceeds to make purchases at a cellular store. Claim 3 relates to the arrest of the individual who was impersonating plaintiff and the subsequent negligent release of that individual by the police without any realization that the person was not in fact the plaintiff – who was incarcerated at the time. Claims 4 and 5 relate to an allegedly false charge of forgery against plaintiff which resulted from the arrest of the impersonator, and plaintiff's arrest and imprisonment

for those acts that were committed by the impersonator. Claim 6 relates to the allegedly insufficient legal representation plaintiff received from the Public Defender's office after being arrested. Claim 7 is for unlawful prosecution relating to a possession charge that plaintiff was falsely accused of while incarcerated. Finally, Claim 8 is against Cape Girardeau County Jail and five of its correctional officers for failing to provide a sufficient law library and respond adequately to plaintiff's twenty (20) grievances filed about such. Plaintiff seeks money damages and injunctive relief.

After review of plaintiff's sixty-four (64) page complaint, the Court finds that plaintiff's complaint does not comply with the Federal Rules of Civil Procedure. First, plaintiff cannot assert in a single lawsuit, claims against different defendants that are related to events arising out of different occurrences or transactions. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, ... [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Plaintiff may, however, name a single defendant, and assert as many claims as he has against him or her. Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

Second, plaintiff has violated Rules 8 and 10 of the Federal Rules of Civil Procedure with his long and rambling complaint. Plaintiff lists thirty-two (32) defendants in this matter, but he does not identify exactly what claims he is bringing against each individual defendant. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8(d) requires that each allegation of a pleading be simple, concise, and direct. Rule 10(b) requires that all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances.

In addition, plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint contains no assertions as to how many of the defendants, as bank and store employees, were acting under color of state law.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint on a court-provided form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. **Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Plaintiff shall have **thirty (30) days** from the date of this Order to file his amended complaint. If plaintiff fails to file his amended complaint by this deadline, the Court will dismiss this action without prejudice. After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

### Motions for Temporary Restraining Order and Preliminary Injunction
### (ECF Nos. 5 & 6)

Plaintiff seeks a temporary restraining order, stating that without immediate intervention by the federal court, the defendants will continue to violate his civil rights causing him further mental and physical harm. He also states that his life is imminent danger. ECF No. 5. Plaintiff does not assert what ongoing harm he is suffering or name the specific defendant causing such harm. He also does not state what the threat is to his life.

Plaintiff also seeks preliminary injunctive relief. Plaintiff requests: (1) an immediate "change of venue" from the Cape Girardeau County Jail to the St. Louis County Jail so "that [plaintiff] may receive a safe and fair trial"; (2) Sullivan Police Department dedicate resources to finding the person who impersonated him; (3) Franklin County prosecutor's office drop all charges against him; and (4) Cape Girardeau County Jail immediately install the "law library program called Justia on the kiosk machine in every pod to provide current and future inmates with adequate knowledge of the law and access to the courts." ECF No. 6 at 1-2.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

"In balancing the equities no single factor is determinative." *Dataphase*, 640 F.2d at 113. The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

After weighing the *Dataphase* factors listed above, the Court finds that plaintiff has failed to demonstrate at this stage of the proceedings that he is likely to succeed on the merits of his claims and that he will suffer an immediate and irreparable injury if I do not grant the requested relief. Plaintiff's statements seeking relief are wholly conclusory and lacking in any factual support. Plaintiff provides no evidence that his life is any imminent danger. Nor is there any

evidence that if the Court does not grant the immediate relief plaintiff requests, that there will be any irreparable injury to plaintiff.

In addition, "[a] court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (internal citation omitted). In this case, there is no relationship between the injury claimed in the motion and the conduct asserted in the complaint. None of the allegations of the complaint establish an imminent threat to plaintiff's life.

For these reasons, the motions for a temporary restraining order and preliminary injunction will be denied.

### Motion for Appointment of Counsel (ECF No. 4)

Finally, plaintiff's motion for appointment of counsel will be denied without prejudice to refiling at a later time. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $400 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall to mail to plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FINALLY ORDERED** that the Clerk of Court shall add defendant "City of Sullivan (Sullivan Police Department)" to the list of defendants on the docket sheet for this matter.

Dated this 17th day of July, 2019.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE