UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES LAM, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-CV-111 JAR |
| | ) |
| RALPH E. FINN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court upon Plaintiff James Lam's "Motion to Reopen Petition/Leave to Amend," dated August 27, 2022. ECF No. 22. The Court dismissed this 42 U.S.C. § 1983 civil rights action over two-and-one-half years ago under Local Rule 2.06(B) and Federal Rule of Civil Procedure 41(b), after self-represented Plaintiff failed to provide the Court with his new address or respond to the Court's Show Cause Order. *See* ECF Nos. 17-18. Plaintiff now seeks to reopen the case and requests leave to amend his complaint. ECF No. 22 at 1. Plaintiff's explanation for his failure to respond to the Court's Show Cause Order is that his "fiancée of 6 yrs passed away & [he] became mentally unstable." *Id.* at 3. Plaintiff wishes to reopen this case and amend his claim "before reopening/filing." *Id.* As discussed below, the Court will deny Plaintiff's motion to reopen and amend.

Plaintiff provides no legal standard or rule under which he seeks reopening of this matter. Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party ... from a final judgment, order, or proceeding for" reasons including:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

However, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After careful consideration, the Court will deny reopening of this matter. First, the motion is untimely, as it was filed over two years after dismissal of this case. Further, even if it were timely, Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reopening of the Court's judgment. The Court is sympathetic to the difficult mental recovery after the loss of a loved one. However, this explanation does not amount to an adequate showing of exceptional circumstances justifying extraordinary relief. The Court finds no grounds for granting relief under Rule 60(b) and declines to provide Plaintiff with relief from final judgment in this matter. Plaintiff's motion will be denied.

-2-

Furthermore, as to Plaintiff's request to amend his complaint with additional filings, a motion to amend must be accompanied by a proposed amended complaint. Even if the Court had reason to consider the reopening of this matter, without such proposed amended filings, the Court has no basis for determining whether amendment should be granted. *See Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

Finally, although the Court is denying Plaintiff's request to reopen and amend this § 1983 action that was closed over two years ago, there is nothing preventing Plaintiff from filing a new § 1983 action in the district court based on his amended claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reopen and amend [ECF No. 22] is **DENIED.**

Dated this 20th day of September, 2022.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE